Julio-Victor: Llanos
Injured Third Party Intervenor,
175 Seville Street
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended



**district court for the United States**
**In Care of THE UNITED DISTRICT COURT**
**DISTRICT OF CALIFORNIA**

CV 08        0552

| | | |
|---|---|---|
| **JULIO V. LLANOS** | ) | Case # |
| Sramineus Homo, US Vessel | ) | |
| **Libellant,** | ) | Within the Admiralty    **E-filing** |
| | ) | |
| V. | ) | |
| | ) | |
| WASHINGTON MUTUAL, US Vessel | ) | |
| DOES, ROES, and MOES 1 -100 et al, | ) | |
| US Vessel sand | ) | **PETITION FOR** |
| | ) | |
| **Libellees,** | ) | **LIBEL OF REVIEW** |
| | ) | |
| Julio-Victor: Llanos | ) | **OF AN** |
| Lien Holder of the Vessel, the Real Party | ) | |
| In Interest, Lawful Man | ) | **ADMINISTRATIVE JUDGMENT** |
| **Injured Third Party Intervener/Petitioner/** | ) | |
| Libellant , | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| WASHINGTON MUTUAL, U.S. Vessel, | ) | |
| DOES, ROES, and MOES 1 -100 et al | ) | |
| **US VESSELS** | ) | |
| **INDIVIDUALLY AND SEVERALLY** | ) | |
| **Third Party Defendants/Libellees** | ) | |

COMMERCIAL AFFIDAVIT IN FACT

FOR AND ON THE RECORD:

THE COURT TAKES JUDICIAL NOTICE WITHIN THE ADMIRALTY OF THE SUM

CERTAIN OF THE FACTS AND STATEMENTS HEREIN

**JURISDICTION**

COMES NOW Claimant/Libellant, Julio-Victor: Llanos, an injured party, hereinafter referred to as the
Claimant, without counsel, by Restricted, Special Appearance, pursuant to Special Procedures in Admiralty, Rule E
(8), and at no time waives any protections within the Admiralty, filing this Petition, for Judicial Review of an
Administrative Judgment pursuant to Rule 57 FRCP.

1

Pursuant to **TITLE 28;  PART VI; CHAPTER 151 § 2201**

**§ 2201. Creation of remedy**

**a**. In a case of actual controversy within its jurisdiction.

A.    28 USC § 1331; There is a Federal question.

B.    28 USC § 1332; Diversity of Citizenship.

C.    28 USC § 1333; Admiralty, Maritime, savings to suitors.

D.    28 USC §  1337; Commerce.

1.    Claimant petitions this court for a **Review of Foreign Judgment** documents entered into the  Case Number .

2.    This Court is an Admiralty Court and the injured party, petitioner/Claimant sets this action and files this action with the Court Clerk "within the admiralty" pursuant to Special   Procedures in Admiralty #Rule E (8), and is appearing in Restricted Appearance.

3.    Libellee(s)/Respondent(s) have made false claims and this Libel of Review and Notice of Lis Pendens are now in the "original exclusive cognizance" of the United States through the district court - see the First Judiciary Act of September 24, 1789, Chapter 20, page 77.

4.    Jurisdiction, in international law and according to the law of the land, agents of a foreign  principal are required to file any pretended claim in the appropriate district court prior to  exercising rights to that claim. The district courts have "exclusive original cognizance" of all inland seizures and this includes vessels in rem (Rule C (3)) such as trust organizations and legal names, Ens legis; JULIO V. LLANOS.

5.    Petitioner Julio-Victor: Llanos, Libellee, WASHINGTON MUTUAL and Co-Parties DOES, ROES,  and MOES 1-100 et al, ... within their respective districts, as well as upon the high seas; (a) saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land,..." The First Judiciary Act September 24 1789 Chapter 20, page 77. The Constitution of the United  States of America, Revised and Annotated - Analysis and Interpretation - 1982; Article III, §2, Cl. 1 Diversity of Citizenship, U.S. Government Printing Office document 99-16, p. 741 and 26 USC     1331.

6.    Petitioner Julio-Victor: Llanos, unknown WASHINGTON MUTUAL agents," ... within their respective districts, as well as upon the high seas; (a) saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land,..."

4.    The First Judiciary Act; September 24, 1789; Chapter 20, page 77. The Constitution of the United

States of America, Revised and Annotated - Analysis and Interpretation - 1982; Article III, §2, Cl. 1 Diversity of Citizenship, U.S. Government Printing Office document 99-16, p. 741 and 26 USC 1331.

5.    This fact of protocol - filing a claim in district court according to international law - is beyond dispute and extends into antiquity:

> "Meanwhile those who seized wreck ashore without a grant from the Crown did so at their peril." Select Pleas in the Court of Admiralty, Volume II, A.D. 1547-1602; Introduction - Prohibitions, Note as to the early Law of Wreck, Selden Society, p. xl, 1897.

6.    The Constitution for the United States recognizes the protocol: i.e.,

ART. III
Section 2. The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states;-- between a state and citizens of another state;--between citizens of different states;-- between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.

7.    Libellee(s), Unknown WASHINGTON MUTUAL Agent(s) are agent(s) of a foreign principal, a "foreign state" defined at Title 28 of the United States Codes §1603, and Title 22 U.S.C. §611.

8.    The district court for the District of California, Northern Division, has acquired exclusive original cognizance of this Libel of Review for the United States because this is a federal question - a constitutional matter involving a man on the land complaining about theft and kidnap - Title 18 U.S.C. §§ 661 and 1201 respectively and irregular extradition from the asylum state into the United States custody, treason - Constitution, Article III §3 and Title 18 U.S.C. §2381 by an agent of a foreign principal, creating diversity of citizenship - Title 28 U.S.C. §§1331 and 1333 respectively. The presentments (notification) are arbitrary and capricious clearly implying that if Petitioner fails to comply with the suggested terms there will be "law enforcement" actions by way of inland seizure. Speaking historically, the districts, formed in 1790 for handling the financial obligations of the United States could not come into existence until after formal expression of remedy in the 'saving to suitors' clause (1789) quoted above and codified at Title 28 U.S.C. §1333.

9.    The only excuse for the discretionary authority granted administrative agencies is the    judicial oversight    demonstrated    in    this    invocation    of    an    Article    III    court.

10. Law of the flag: Man is created in the image of God and to reduce a man to chattel against the national debt is an affront to God. Exodus, 13:16 and Genesis 1:27.

11.    All Court Officers are not immune "within the Admiralty", and are accountable for their  actions pursuant to The FOREIGN SOVEREIGN IMMUNITY ACT 28 U.S.C. § 1605. Any foreign sovereigns are liable

3

for damages while doing business in the United States. This provision has application since the foreign sovereign – the judges, clerks, etc. – operate on the behalf of a defacto foreign fiction government. Officials are liable for the damages that they commit while doing business in the country.

12.     This court is open for admiralty issues and in this instant action. It is a debt obligation and insurable interests that are issues in admiralty.

13.     This action of the injured party, petitioner/libellant/Claimant is protected pursuant to the Suits in Admiralty Act, 46 U.S.A. Codes, Appendix, Chapter 20 §§ 742-749.   ·

14.     THE SUITS IN ADMIRALTY ACT is a law where the United States and its co-parties specifically waives its immunity in three situations: (1), If the Admiralty suit involves a vessel of  the United States (Man's body is named in the action), (U.S. citizen Vessel) (Name in all upper case of the vessel) and (2), Cases that involve cargo belonging to the U.S. and its co-parties. Within the context of this instant action, when the cargo [the paperwork, or lawsuit] of the United States and its co-parties harms us, the United States gives us a blanket waiver of immunity, or (3), if the United States could be sued in the Admiralty if it were a private party, if we are going into an international jurisdiction, (a set aside, fenced territory) every time we go into the Court, we are entitled to sue the United States and its co-parties in the Admiralty as if it were a private party. The cargo is the docket file and the lawsuit and Clerks/Warrant Officers and Judges/Masters are  not  immune  if  the  cargo  is  not directed into the Admiralty Court.

15.     In this instant action all parties are U.S. VESSELS and fit the legal definition of a U.S. Vessel.

16.     The Court Officers/ Master/ Mariners are liable if they mislead/mis-deliver this action into the wrong Court and the law provides for criminal penalties for compliance failures.

17. The Public Vessels Act is applied in this instant action and waives the Court Officer's Immunities pursuant to Title 46 U.S.C. Ch. 22 § 781 and The Bills of Lading Act, Title 49 U.S.C., Ch. 147 § 14709, Title 49 U.S.C. Chapter 801 § 80113.

18.     The cargo is shipped via the U.S. Postal Service and all parties are subject to the Postal    Codes in this instant action.

19.     The Bills of Lading Act includes a criminal penalty because the losses suffered by the customers of the shippers can be very great.  I use a Bill of Lading/Petition/Complaint in all of my lawsuits. This presentment fits the criteria for a Bill of Lading, meeting all the facts enclosed in any Bill of Lading. The Bill of Lading describes the cargo (the lawsuit), and tells the Court Clerk to carry the suit into the Admiralty Jurisdiction of the Court. The Clerk is a PUBLIC VESSEL and the CARRIER, being a vessel of the United States and its co-parties.  This Bill of Lading identifies the cargo as the lawsuit, by describing the suit's postal registry number, which is Registered Mail # RA 465 343 495US.

4

20.    The Bill of Lading creates a liability for which the damaged party can recover in a suit if the documents are diverted into another venue.  If a carrier is found wanting in due diligence concerning the delivery of the cargo, the liability attaches at the time of the diversion of the documents. The Bill of Lading therefore takes away the immunity of Clerks/Warrant Officers and    Judges/Masters, if the cargo is not delivered into the Admiralty Court, and adds criminal penalties for compliance failures. Title 49 U.S.C., Ch. 801 § 80116.

21.    The Admiralty Extension Act, Title 46 U.S.A. Appendix, Ch 19-A § 740, extends the admiralty jurisdiction inland. All states by law have access to the sea.  Therefore any land locked   country has an easement, so to speak, across other countries in order to get to the sea. All states  have        an        admiralty jurisdiction in all of their courts.

## RESTRICTIONS

24. The  Libellee/Respondents  were.  estopped  by  the  "DOCTRINES  OF  ESTOPPEL"  by "AGREEMENT/CONTRACT"  and  by  "ESTOPPEL  BY   ACQUIESCENCE".  The  Third  Party Libellees/Defendants  were  forever  barred  from  arguing  and  controverting  the  issues  of  the "CONTRACT/CLAIMS" and are bound strictly in their prove up of their response by Affidavit, point for point, under their unlimited liability Commercial Oath and Verification, "within the Admiralty". Failure in confining their position and submissions, oral or written, before this court finds them in Commercial Trespass and Breach of their Contract.  This AGREEMENT/ CONTRACT is protected pursuant to US Constitution, Article I Section  10, and the D.C. Codes in regarding "THE IMPAIRMENT OF CONTRACTS".

25. The Libellees/Respondents have received Notice of Default, and therefore, is they make or have made a hostile presentment before this court, in writing, they are subject to the provisions of F.R.C.P. RULE 9 (h), leading to the Supplements of the Rules of Admiralty, which provides for those who are found in Trespass after a Default are subject to a Certificate of Exigency, which is filed with the Clerk of the Court/Warrant Officer, for an immediate warrant for their arrest.

## FACTS

a)    The injured party petitioner/libellant/Claimant, exhausted his Administrative Remedy and served the Libellee/Respondent, WASHINGTON MUTUAL, a Conditional Acceptance of their claim upon submitting Proof of claim.

b)    The injured party petitioner/libellant/Claimant served, in Honor, a Letter Rogatory to show their documents of their claim.

c)    The injured party petitioner/libellant/Claimant served an Affidavit, by this injured party declaring, Affiant had not seen or been presented with any material fact or evidence of a claim and believed none exists.

d)    The above three (3) documents were served by First Class U.S. Mail, Certified Mail # 7006 3450 0001 2035 1797, Return Receipt Requested on the Libellee/Respondent, WASHINGTON MUTUAL on September 8, 2007 by Shashi Seth a Notary Public of the State of California, an independent third party.

e)    The respondent received the documents on September 12, 2007 ad indicated by the US.    Postal Service Tracking Number.

f)    Respondent was given the mandatory 3 days to respond, not including the day of receipt, and    3 additional days for mailing their reply.

g)    The time expired on September 20, 2007 with no response from the Respondent.

h)    On or before September 30, 2007, a NOTICE OF FAULT – OPPORTUNITY TO CURE was served by First Class U.S. Mail, Certified Mail # 7006 3450 0001 2036 7323, Return Receipt Requested on the Libellee/Respondent, WASHINGTON MUTUAL by Shashi Seth, a Notary Public of the State of California, an independent third party.

i)     Respondent was given the mandatory 3 days to respond, not including the day of receipt, and    3 additional days for mailing their reply.

j)    The time expired on September 28, 2007 with no response from the Respondent

k)    On or before October 20, 2007, a NOTICE OF DEFAULT an DERTIFICATE OF DISHONOR, by NOTORIAL PROREST, was served by First Class U.S. Mail, Certified Mail # 7007 1490 0005 1250 3585, Return Receipt Requested on the Libellee/Respondent, WASHINGTON MUTUAL by Shashi Seth, a Notary Public of the State of California, an independent third party.

l)    On October 18, 2007, the Libellee/Respondent, WASHINGTON MUTUAL was sent an INVOICE and NOTICE FOR DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW by Certified Mail # 7007 1490 0005 3585.

m)    The respondent received the documents; INVOICE and NOTICE FOR DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW on October 20, 2007

n)    Libellee/Respondent, WASHINGTON MUTUAL was given 30 days for Settlement and for Closing of the Escrow.

0)    The 30 days expired on November 30, 2007 without a response from the Libellee/Respondent WASHINGTON MUTUAL.

p)    The Libellees/Respondents failed to respond and answer and are in Collateral Estoppel,    Tacit Procuration, Stare Decisis, Estoppel, by Acquiescence and Res Judicata by Agreement and cannot proceed, Administrative or Judicial without committing perjury and causing further injury to the injured party petitioner/libellant/Claimant

q)    The Libellees/Defendants can not obtain a dismissal or summary judgment without sworn competent witness testimony and can not do so because they are estopped by their own actions    and inactions and any attempts to appear are a hostile presentment before this Court and are    further culpable.

r)    There is no controversy from any party that stands, and this Court is mandated to enforce the Agreement/Contract and grant the relief as sought in the Accounting and True Bill, or they are found in violation of the impairment of contracts pursuant to Article 1, § 10 of the United States Constitution and the D.C. Codes IN FACT, and that;

s)    If the court attempts to dismiss the injured party petitioner/libellant/Claimant's claim, it is a VOID JUDGMENT pursuant to FRCP 60 (b)(4) STATEMENTS OF COUNCIL IN BRIEF OR IN ARGUMENT ARE NOT SUFFICIENT FOR **A MOTION TO DISMISS OR FOR SUMMARY JUDGMENT** Trinsey V. Pagliaro D.C. Pa (1964), 229 F. Supp 647 for lack of subject matter jurisdiction and judicial misconduct

and Scienter Criminal Act without immunity.

t)    Any attempts by anyone to trespass the injured third party petitioner/libellant,    intervenor's claim Agreement/Contract is committing Criminal Barratry and Piracy on the high seas of Admiralty law.

u)    The injured the injured party petitioner/libellant/Claimant's holds a priority commercial   claim against the debtor named JULIO V. LLANOS , Stramineus Homo, A U.S. Vessel by legal definition, and no one has an insurable interest other than the injured the injured party petitioner/libellant/Claimant.

v)    Because the claim is filed on parties within an insolvent state and nation, there is an insurance interest issue in this instant action and that Unknown Agents dbf WASHINGTON MUTUAL, US VESSEL, have insured this case and/or bonded under their Errors and Omissions Insurance    Policy; they are found in insurance fraud, mail fraud, wire fraud, and  conspiracy to commit such, and undue enrichment, fraud, and numerous other Scienter Acts, including, but not limited to, Continuous Torts.

w)    The risk management for the WASHINGTON MUTUAL  is under notice that there is continuous irreparable harm and damage to the injured party petitioner/libellant/Claimant's and the bonds and insurance in this instant action belong to the injured the injured party   petitioner/libellant/Claimant's,  and the substitute plaintiff trustee/third party co-Libellee Agents, US VESSEL are the obligated party(ies) and do surrender their Public Hazard Bond and risk management  by taking such risks in promulgating this instant action in bad faith and fraud and causing an injury in the Public.

x)    The injured party petitioner/libellant/Claimant' is the Holder in Due Course of the US    Vessel and its Trade Name by security agreement.

y)    The court takes JUDICIAL NOTICE that the conclusive evidence is entered into evidence before the court attached to this pleading as though fully incorporated thereof and is    found    under    the    heading: ADMINISTRATIVE REMEDY.

z)    The court takes JUDICIAL NOTICE that the conclusive evidence is now entered into Case Number    and submitted to this court and attached to this pleading and is found under the heading ADMINISTRATIVE REMEDY, which is conclusive evidence that the Injured Third Party Intervenor/Libellant is the superior lien holder of the US VESSEL and  TRADE NAME registered as JULIO V. LLANOS.

## CONCLUSION

1.    That the Injured Party/Libellant is demonstrating to this court that he holds in due course  the conclusive evidence perfected in Administrative Law that without a doubt or reservation he is    the holder in due course of the CLAIM/AGREEMENT/CONTRACT and holds the BOND pursuant to the Uniform Commercial Code.

2.    The Third Party Defendants/Libellees failed to state a claim by which relief can be granted pursuant to FRCP 12 (b) (6).

3.    Failure of this court to enter and execute DECLARATORY JUDGMENT BY ESTOPPEL in favor of Injured Third Party Intervenor/Libellant is a denial of due process and   equal access to justice and creates another injury in the public and enlarges the SUM CERTAIN  an amount to be determined by a jury, compensatory

and punitive..

## RELIEF SOUGHT

A.     That the AGREEMENT/CONTRACT be enforced as the third party/defendants/libellees are in trespass and violation of the AGREEMENT/CONTRACT and have failed to state a claim   upon which relief can be granted.

B.     That the Court enforce the Administrative findings in the perfected agreement and the   order of relief by enforcement of the Agreement/Contract and the accounting and true bill found   in the INVOICE for injury against and sustained by the injured third party petitioner/libellant,    intervenor; compensatory damages and punitive damages pursuant to CLEOPATRA HASLIP et  al. v. PACIFIC MUTUAL LIFE INSURANCE, INC. 499 U.S.1, 113; Fed 2d 1, 111 § 1032, with a sum certain of  $ 49,455,648.00 USD, to be paid in full by the third party libellees by February 22, 2008.will apply to original Libellees and any other DOES, ROES and MOES who trespass the AGREEMENT/CONTRACT JUDGMENT BY ESTOPPEL.

C.     That the court order, cancels any and all liens that WASHINGTON MUTUAL

has recorded against JULIO V. LLANOS ,US VESSEL, of derivatives of the Eng Legis, thereof at the San Francisco County Recorder and/or the California Secretary of State, UCC Section.

D.     That the court order a Data Integrity Board and Comptroler of the Currency Investigation pursuant to 5 U.S.C. 552(a)(d) for this instant action.

E.     That the Court Clerk/Warrant Officer enforce any Certificates of Exigency for any and all hostile presentments appearing in this court, written or oral, after the default found in the  Administrative Law Process, is a Criminal Act, and a Certificate of Exigency is filed with the warrant officer/court clerk, which mandates a warrant of arrest for all parties now found in criminal acts according to the provisions "within the admiralty."

F.     Any other relief deemed appropriate by this Court.

And further Affiant Sayeth Naught

By _____ , affiant

Julio-Victor: Llanos

### COMMERCIAL OATH AND VERIFICATION

| San Francisco County | ) | |
|---|---|---|
| | ) | Commercial Oath and Verification |
| State of California | ) | |

Libellant, Julio-Victor: Llanos, under his Commercial Oath with unlimited liability proceeding in good faith, being of sound mind states that the facts contained herein are true, correct, complete, certain and not misleading. I speak the truth, the whole truth and nothing but the truth so help me God.

Julio-Victor: Llanos, Creditor Libellant/Affiant

State of California )
) ss
San Francisco County )

Subscribed before me, _____ a Notary Public, this _____ day of

_____, 2007

_____
Notary

Conditional Acceptance
Julio Victor Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797
Julio Victor Llanos
c/o 175 Seville St.
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended

WASHINGTON MUTUAL
P.O. BOX 78148
PHOENIX, AZ 85062-8148

September 4, 2007

# NOTICE

# CONDITIONAL ACCEPTANCE

## Administrative Procedures Act, 5 USC § 552a seq.

When determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts." Roadway Express v Kingsley, 179 Atlantic 2d 729, 732.

### ADMINISTRATIVE PROCESS

"Held, that the constitutionality of an agency's procedure may be challenged in a judicial reviewing court without first challenging in the agency and without first exhausting administrative remedies on the questions." Mathews v Eldridge, 424 US 319 (1976)

However, Claimant believes that because it is a sharp departure from previous law and in certain respects, contrary to the clear words before it, Claimant has exhausted his administrative remedy, as the historical holdings are clearly cut as to demanded procedure.

"Administrative exhaustion is demanded where constitutional challenge is to the statute as applied by the agency". Matters v City, 219 NW2d 718

"Where the challenge is to the statute administered, the exhaustion requirement does serve a useful purpose. The courts should not rule that a statute is unconstitutionally administered when the available avenues of administration has not been explored." Metcalf v Swank, 444 F.2d 1353, 1357 (7th Cir 1971), vacated on other grounds, 406 US 1114 (1972)

"When determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts." Roadway Express v Kingsley, 179 A.2d 729, 732

### HISTORY OF CASE DEMANDS ADMINISTRATIVE PROCESS

An Administrative process is vital on this matter as Claimant became an aggrieved party suffering legal wrongs. No administrative hearing or record of facts, of the matter for review, or issues for review were extant. Claimant has now been heard and has exhausted his Administrative Remedy.

Before a matter may be reviewed, a record of the Administrative Remedy proceedings must be established on the record.

The question now becomes; is WASHINGTON MUTUAL an agency of government?

Pursuant to 31 CFR 202.0, it is stated, that any bank that deals in public money, the bank is actually an agency of the UNITED STATES, meaning the bank must comply with 5 USC 552a just like any other governmental agency.

*Davis vs. Elmira Savings,* 161 U.S. 275, at 283 (1896) "National banks are instrumentalities of the Federal Government, created for a public purpose, and as such necessarily subject to the paramount authority of the United States." *Anderson National Bank vs. Luckett,* 321 U.S. 233, at 252 (1943 *Marquette National Bank vs. First of Boston,* 439 U.S. 308 (1978)

### INSTRUMENTALITY RULE

"Under this rule, corporate existence will be disregarded where a corporation (subsidiary) is so organized and controlled and its affairs so conducted as to make it only an adjunct and instrumentality of another corporation (parent corporation), and parent corporation will be responsible for the obligations of its subsidiary.

The so-called "instrumentality" or "alter ego" rule states that when a corporation is so dominated by another corporation that the subservient corporation becomes a mere instrument and is really indistinct from controlling corporation, then the corporate veil of dominated corporation will be disregarded, if to retain it results in injustice." Black's Law Dict., Abridged Sixth Edition

Julio Victor Llanos is attempting to settle the disputed claim that WASHINGTON MUTUAL purports to have in the transaction involving WASHINGTON MUTUAL'S Account Numbers 0698359395; 0698359379 between WASHINGTON MUTUAL and Julio Victor Llanos.

### CONDITIONAL ACCEPTANCE

Therefore; I, Julio Victor Llanos, do hereby conditionally accept the purported loan under WASHINGTON MUTUAL'S Account Numbers 0698359395; 0698359379.

The presenter, WASHINGTON MUTUAL, drafting the undersigned to "AFIRM A DEBT", does NOT constitute a claim of a debt owing.

Said document, Unsigned, apparently, no one having the standing to either validate the debt or make any claims issued by the LOAN STATEMENT.

Since the 'LOAN STATEMENT', WASHINGTON MUTUAL'S ACCOUNT NUMBERS 0698359395; 0698359379, hereinafter referred to as; 'LOAN STATEMENT', were unaccompanied by an affidavit, by alleged 'claimant' attesting it as true, correct, complete, and not misleading. Said 'LOAN STATEMENT' are stamped and conditionally accepted and attached hereto as Exhibit A -1.

Conditional Acceptance
Julio Victor Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

Please take notice of the Conditionally Accepted attachment hereto, affixed as Exhibit A, which appear to be an unsubstantiated attempt to affirm the existence of a 'debt' in the absence of a certificate of claim, indicating the charges will be honored upon WASHINGTON MUTUAL'S production of evidence that there is a dispute as to certain facts, as the undersigned has no knowledge as to why a corporation would proceed with the knowledge that (1) insufficient notice of a debt owing was provided; (2) exculpatory and material evidence, in the possession of a party to the action, is excluded from consideration because the party was NOT noticed of a hearing date, and was prevented from requesting a certificate of claim from the alleged injured or damaged party, (3) no sufficient process of service was received, and agents of WASHINGTON MUTUAL sent documents through the U.S. MAILS without conducting the mandatory inquiry prescribed by law. The undersigned, further, is unaware of having any contract with the 'Plaintiff in the instant action, or of presenting the plaintiff with any information which would enable the plaintiff to testify upon personal knowledge, and which would eliminate 'Plaintiffs' collusion to enable unjust enrichment via fraud. Therefore, the following terms are requested before the undersigned can determine whether or not to subordinate the undersigned's priority lien in favor of an unsubstantiated claim.

The conditions, which require satisfaction, prior to full acceptance, are:

1.     Proof of claim that Julio Victor Llanos is obligated to perform to your demands.

2.     Proof of claim that Julio Victor Llanos is the party receiving the value alleged as exchanged.

3.     Proof of claim that Julio Victor Llanos and WASHINGTON MUTUAL had a meeting of the minds regarding the waiver of notice of protest.

4.     Proof of claim that Julio Victor Llanos voluntarily waived notice of protest.

5.     Proof of claim that Julio Victor Llanos was notified of a dishonor.

6.     Proof of claim that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth.

7.     Proof of claim that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law.

8.     Proof of claim that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt.

9.     Proof of claim that Julio Victor Llanos received goods, services, or other benefits from the true creditor, for whom you, WASHINGTON MUTUAL, purport to be.

10.    Proof of claim that WASHINGTON MUTUAL can and is willing to produce the original instrument contract Julio Victor Llanos is alleged to have created that makes him liable.

11.    Proof of claim that WASHINGTON MUTUAL can and is willing to demonstrate the original instrument, which Julio Victor Llanos is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands.

12.    Proof of claim that the original instrument, which Julio Victor Llanos is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise).

13.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot   discover that the application Julio Victor Llanos is alleged to have created, isn't a security agreement.

14.    Proof of claim that Julio Victor Llanos's signature is on the original instrument Julio Victor Llanos is alleged to have created.

15.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit.

16.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security.

17.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount.

18.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds.

19.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit.

20.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WASHINGTON MUTUAL can use whatever the 'applicant' does not' use'.

21.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WASHINGTON MUTUAL uses for investments on return.

22.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot   discover that WASHINGTON MUTUAL isn't the trustee on the account.

23.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL does not profit from the signature of the security agreement.

24.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL does not profit from the investments on the secured line of credit 'granted' by the application.

25.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL does not profit from the signature of the security agreement.

26.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt.

27.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that if the application Julio Victor Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit.

28.    Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that if the application Julio Victor Llanos is alleged to have created, is

Conditional Acceptance
Julio Victor Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

produced, that the party possessing said instrument, isn't still using the line of credit, while
WASHINGTON MUTUAL is demanding payment.

29.   Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not
know or cannot discover that the WASHINGTON MUTUAL isn't required to provide Julio Victor
Llanos with the amount Julio Victor Llanos has paid in, to date.

30.   Proof of claim that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not
know or cannot discover that WASHINGTON MUTUAL cannot admit that Julio Victor Llanos
has paid something to WASHINGTON MUTUAL, to date.

31.   Proof of claim that Julio Victor Llanos willingly and knowingly accepted, or intended to accept
extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to
collect.

32.   Proof of claim that the WASHINGTON MUTUAL is prepared to identify the true creditor.

33.   Proof of claim that the 'claims' made by WASHINGTON MUTUAL is predicated upon the
verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading.

34.   Proof of claim that the 'claims' made by the WASHINGTON MUTUAL is predicated upon the
verified claims of the true creditor 'claimant', and not the presumptions of the collection agent,
unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not
misleading, under his/her/its full commercial liability.

35.   Proof of claim that the purported protest assessed against the party allegedly in dishonor, was
predicated upon something other than said dishonor.

36.   Proof of claim that the purported protest assessed against the party allegedly in dishonor, was
predicated upon something other than said dishonor, namely the 'substantive claim'.

37.   Proof of claim that the purported protest assessed against the party allegedly in dishonor, was
preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a
waiver of notice of protest can be produced.

38.   Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and
was not preceded with an opportunity to cure said dishonor, prior to the making of said demand,
said 'protest' is permitted, in law, to **occur in secret**.

39.   Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and
was not preceded with an opportunity to cure said dishonor, prior to the making of said demand,
said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is
cured**.

40.   Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and
was not preceded with an opportunity to cure said dishonor, prior to the making of said demand,
said 'protest' is permitted, in law, to proceed , in the absence of evidence of disclosure the notice
of dishonor/protest was waived.

41.   Proof of claim that there was a meeting of the minds between the undersigned and the alleged
'claimant' as to the notice of dishonor/protest.

42.   Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and
was not preceded with an opportunity to cure said dishonor, prior to the making of said demand,
the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an
affidavit, true, correct, complete, and not misleading, stating a claim.

43.    Proof of claim that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned.

44.    Proof of claim that if the purported 'protest' did **occur in secret, the party allegedly in dishonor,** was not denied due process and the opportunity to handle his commercial affairs properly.

45.    Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46.    Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge.

47.    Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge.

48.    Proof of claim that the attorneys for either or both the true creditor and/or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor.

49.    Proof of claim that the attorneys for either or both the true creditor and/or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT'.

50.    Proof of claim that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims'/charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance.

51.    Proof of claim that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments.

52.    Proof of claim that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and/or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account.

53.    Proof of claim that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent.

54.    Proof of claim that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon.

Conditional Acceptance
Julio Victor Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

## NOTICE

Failure of responding or rebutting, shall be deemed as agreement with the facts stated in the affidavit in support, hereto attached, mandating the immediate carrying out of the settlement negotiations, to demonstrate the performance obligation, now that the inadvertent dishonor is cured, by you or your agents, in order to maintain the honor bestowed by said draft. Your response must be in affidavit form, under your full commercial liability, rebutting each of my points, on a point-by-point basis, that the facts contained therein, are true, correct, complete and not misleading. Declarations are insufficient, as declarations permit lying by omission, which no honorable draft may contain.

Very truly yours,

Julio Victor Llanos

All reply's are to be mailed to:

Shashi Seth, Notary Acceptor
423 Broadway Street , Suite # 212
Milbrae, California 94030

Attachment:
Exhibit A

State of California, County Of San Mateo
Subscribed & sworn before me
On 8th day of SEP1 , 2027
By JULIO VICTOR LLANOY
Proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Letter Rogatory
Julio-V: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797
Julio-V: Llanos
c/o 175 Seville Street
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended

WASHINGTON MUTUAL
P.O. BOX 78148
PHOENIX, AZ 85062-8148

September 4, 2007

# NOTICE

## *LETTER - ROGATORY*

RE: OFFER FOR SETTLEMENT AND CLOSURE VIA MUTUAL FACT FINDING

I, Julio-V: Llanos, hereby accepts for value and return for value, the, "LOAN STATEMENT" of WASHINGTON MUTUAL'S Loan Numbers 0698359395; 0698359379 for the purpose of agreeing to fully cooperate by providing all responses necessary to effectuate settlement and closure of said investigation, and requesting that WASHINGTON MUTUAL'S Attorney join in the mutual resolution of any issues which may result after WASHINGTON MUTUAL'S Attorney conducts a full, well-rounded investigation to determine the need for further investigation from the undersigned. Said document, deemed a presentment, is labeled Exhibit A-1 and is attached to the Conditional acceptance.

In addition, you are also requested to send the attached affidavit (make one copy for each purported 'complainant', although you may disallow/disregard/disdain any reports from parties (a) unwilling to put their full commercial liability on the line by signing said affidavit; (b) attempting to use WASHINGTON MUTUAL'S Attorney or employees to continue to exact property as promised in Exhibit A-1, which resulted in an injury herein referenced as a way to bribing/inducing/influencing employees to generate harassing procedures against the undersigned, who do not have personal knowledge of the undersigned's intent, policies, practices, or compliance with the law.

Lastly, you are requested to designate which meaning of certain terms bearing various connotations, are used in the questions posed, so the undersigned may avoid presumptions as to the true intent of the question. Words like 'anyone', 'person', JULIO V. LLANOS or Julio-V: Llanos should not be presumed to be either the same, or interchangeable, or excluding or including limited groups or classes of people, if accurate responses are the true purpose of the investigation. The undersigned has no intent to dishonor any presentment, and desires to assist in the immediate resolution of 'real issues', but believes that the duty exists to save all parties unnecessary efforts which may do nothing except generate a fleeting joy for misguided employee attempting to pull out all stops to cause injury, embarrassment, and humiliation to the undersigned.

Therefore you are requested to initiate your investigation by focusing on the true reason said allegations were instigated, before unnecessary, pointless, and vindictive actions drive unprovoked and wasteful efforts to accommodate complainant's wrath against the undersigned.

Your responses to the following requests will form the basis for the undersigned's responses and duty to quell actual claims from true complainants, which is an obligation the undersigned welcomes, so the public may operate without interference.

**List of Requests necessary before the undersigned can determine if the intent is to harass by**

Page 1 of 5 Pages

Letter Rogatory
Julio-V: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

generating 'argument', controversy, and loss of good will, or to actually resolve an injury or damage to a genuine complainant:

1.    Show that Julio-V: Llanos is obligated to perform to your demands.

2.    Show that Julio-V: Llanos is the party receiving the value alleged as exchanged.

3.    Show that Julio-V: Llanos and WASHINGTON MUTUAL had a meeting of the minds regarding the   waiver of notice of protest.

4.    Show that Julio-V: Llanos voluntarily waived notice of protest.

5.    Show that Julio-V: Llanos was notified of a dishonor.

6.    Show that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth.

7.    Show that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law.

8.    Show that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt.

9.    Show that Julio-V: Llanos received goods, services, or other benefits from the true creditor, for whom you, WASHINGTON MUTUAL, purport to be.

10.    Show that WASHINGTON MUTUAL can and is willing to produce the original instrument contract Julio-V: Llanos is alleged to have created that makes him liable.

11.    Show that WASHINGTON MUTUAL can and is willing to demonstrate the original instrument, which Julio-V: Llanos is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands.

12.    Show that the original instrument, which Julio-V: Llanos is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise).

13.    Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the application Julio-V: Llanos is alleged to have created, isn't a security agreement.

14.    Show that Julio-V: Llanos's signature is on the original instrument Julio-V: Llanos is alleged to have created.

15.    Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit.

16.    Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security.

17.    Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount.

18. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds.

19. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit.

20. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WASHINGTON MUTUAL can use whatever the 'applicant' does not' use'.

21. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WASHINGTON MUTUAL uses for investments on return.

22. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL isn't the trustee on the account.

23. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL does not profit from the signature of the security agreement.

24. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL does not profit from the investments on the secured line of credit 'granted' by the application.

25. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL does not profit from the signature of the security agreement.

26. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt.

27. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that if the application Julio-V: Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit.

28. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that if the application Julio-V: Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while WASHINGTON MUTUAL is demanding payment.

29. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the WASHINGTON MUTUAL isn't required to provide Julio-V: Llanos with the amount Julio-V: Llanos has paid in, to date.

30. Show that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL cannot admit that Julio-V: Llanos has paid something to WASHINGTON MUTUAL, to date.

31. Show that Julio-V: Llanos willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect.

32. Show that the WASHINGTON MUTUAL is prepared to identify the true creditor.

33. Show that the 'claims' made by WASHINGTON MUTUAL is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading.

Letter Rogatory
Julio-V: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

34.    Show that the 'claims' made by the WASHINGTON MUTUAL is predicated upon the verified
       claims of the true creditor 'claimant', and not the presumptions of the collection agent, unless said
       agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading,
       under his/her/its full commercial liability.

35.    Show that the purported protest assessed against the party allegedly in dishonor, was predicated
       upon something other than said dishonor.

36.    Show that the purported protest assessed against the party allegedly in dishonor, was predicated
       upon something other than said dishonor, namely the 'substantive claim'.

37.    Show that the purported protest assessed against the party allegedly in dishonor, was preceded
       with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of
       notice of protest can be produced.

38.    Show that if the purported protest assessed against the party allegedly in dishonor, and was not
       preceded with an opportunity to cure said dishonor, prior to the making of said demand, said
       'protest' is permitted, in law, to occur in secret.

39.    Show that if the purported protest assessed against the party allegedly in dishonor, and was not
       preceded with an opportunity to cure said dishonor, prior to the making of said demand, said
       'protest' is permitted, in law, to underlie the filing of an any claim, once the dishonor is cured.

40.    Show that if the purported protest assessed against the party allegedly in dishonor, and was not
       preceded with an opportunity to cure said dishonor, prior to the making of said demand, said
       'protest' is permitted, in law, to proceed , in the absence of evidence of disclosure the notice of
       dishonor/protest was waived.

41.    Show that there was a meeting of the minds between the undersigned and the alleged 'claimant' as
       to the notice of dishonor/protest.

42.    Show that if the purported protest assessed against the party allegedly in dishonor, and was not
       preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter
       of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit,
       true, correct, complete, and not misleading, stating a claim.

43.    Show that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the
       status of dishonor in the undersigned.

44.    Show that if the purported 'protest' did occur in secret, the party allegedly in dishonor, was not
       denied due process and the opportunity to handle his commercial affairs properly.

45.    Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete,
       and not misleading.

46.    Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete,
       and not misleading, from a 'claimant' party with personal knowledge.

47.    Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete,
       and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said
       'claimant' party, having personal knowledge.

48.    Show that the attorneys for either or both the true creditor and/or its collection agency, do not
       know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure
       the undersigned into a dishonor.

Letter Rogatory
Julio-V: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

49.   Show that the attorneys for either or both the true  creditor and/or its collection agency, do not
      know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure
      the undersigned into a dishonor, under the full commercial liability of each associated with the
      'LOAN STATEMENT'.

50.   Show that any controversy requiring settlement can be done by anything other than via payment of
      asset monies, to discharge the 'claims'/charges entered into bookkeeping entries, which the
      undersigned offers via this Conditional Acceptance.

51.   Show that any controversy requiring settlement can be done by anything other than via payment of
      asset monies, no matter how long said establishment of the account takes, to insure proper and
      complete delivery of asset instruments.

52.   Show that evidence (of the admissible kind) which establishes that if the undersigned is now
      offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the
      'debtor' and/or the method of settlement, in asset funds pending the establishment of said account,
      in order to permanently close the alleged account, the true creditor or its collection agency is not
      required to await the establishment of the asset money account.

53.   Show that evidence (of the admissible kind) which establishes that the prior dishonor of  the
      undersigned was anything other than inadvertent.

54.   Show that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited
      thereon.

## NOTICE

**Failure of responding or rebutting, shall be deemed as agreement with the facts stated in the
affidavit in support, hereto attached,** mandating the immediate carrying out of the request to correct the record,
and, in the absence of a certificate of claim, cease and desist any attempted collection of non owing debt, by you or
your agents, in order to maintain the honor bestowed by said draft. Your response must be in affidavit form, under
your full commercial liability, rebutting each of my points, on a point-by-point basis, that the facts contained
therein, are true, correct, complete and not misleading. Declarations are insufficient, as declarations permit lying
by omission, which no honorable draft may contain.

Very truly yours
Julio-V: Llanos

All reply's are to be mailed to:

Shashi Seth, Notary Acceptor
423 Broadway Street , Suite # 212
Milbrae, California 94030

Attachment: (Affidavit)

State of California, County Of San Mateo
Subscribed & sworn before me
On __8th__ day of __SEPT__ , 20 07
By __JULIO  VICTOR   LLANOS__
Proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Page 5 of 5 Pages

Affidavit
Julio-Victor: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

| | | |
|---|---|---|
| San Francisco County | ) | |
| | ) | |
| Asseveration | ) | |
| | ) | |
| California state | ) | L. S. _____  {SEAL} |

The united States of America)    only in capacity as beneficiary of the Original Jurisdiction

FIAT JUSTITIA, RUAT COELUM Let Right Be Done,
Though The Heavens Should Fall

### AFFIDAVIT in SUPPORT OF LETTER ROGATORY

I, Julio-Victor: Llanos, in correct public capacity as beneficiary to the Original Jurisdiction, being of majority in age, competent to testify, a self realized entity, a free man upon the land, my yes be yes, my no be no, do state that the truths and facts herein are of first hand personal knowledge, true, correct, complete, certain, not misleading, so help me YHVH.

1.    Affiant has not seen or been presented with any material fact or evidence that Julio-Victor: Llanos is obligated to perform to your demands and believes that none exists.

2.    Affiant has not seen or been presented with any material fact or evidence that Julio-Victor: Llanos is the party receiving the value alleged as exchanged and believes that none exists.

3.    Affiant has not seen or been presented with any material fact or evidence that Julio-Victor: Llanos and WASHINGTON MUTUAL had a meeting of the minds regarding the waiver of notice of protest and believes that none exists.

4.    Affiant has not seen or been presented with any material fact or evidence that Julio-Victor: Llanos voluntarily waived notice of protest and believes that none exists.

5.    Affiant has not seen or been presented with any material fact or evidence that Julio-Victor: Llanos was notified of a dishonor and believes that none exists.

6.    Affiant has not seen or been presented with any material fact or evidence that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth and believes that none exists.

7.    Affiant has not seen or been presented with any material fact or evidence that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law and believes that none exists.

8.    Affiant has not seen or been presented with any material fact or evidence that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt and believes that none exists.

9.    Affiant has not seen or been presented with any material fact or evidence that Julio-Victor: Llanos received goods, services, or other benefits from the true creditor, for whom you, WASHINGTON MUTUAL, purport to be and believes that none exists.

Affidavit
Julio-Victor: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

10.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL can and is willing to produce the original instrument contract Julio-Victor: Llanos is alleged to have created that makes him liable and believes that none exists.

11.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL can and is willing to demonstrate the original instrument, which Julio-Victor: Llanos is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands and believes that none exists.

12.    Affiant has not seen or been presented with any material fact or evidence that the original instrument, which Julio-Victor: Llanos is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise) and believes that none exists.

13.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot  discover that the application Julio-Victor: Llanos is alleged to have created, isn't a security agreement and believes that none exists.

14.    Affiant has not seen or been presented with any material fact or evidence that Julio-Victor: Llanos's signature is on the original instrument Julio-Victor: Llanos is alleged to have created and believes that none exists.

15.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit and believes that none exists.

16.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security and believes that none exists.

17.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount and believes that none exists.

18.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or  WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds and believes that none exists.

19.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or  WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit and believes that none exists.

20.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WASHINGTON MUTUAL can use whatever the 'applicant' does not' use' and believes that none exists

21.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WASHINGTON MUTUAL uses for investments on return and believes that none exists.

22.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL isn't the trustee on the account and believes that none exists.

Affidavit
Julio-Victor: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

23.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL does not profit from the signature of the security agreement and believes that none exists.

24.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL does not profit from the investments on the secured line of credit 'granted' by the application and believes that none exists.

25.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL does not profit from the signature of the security agreement and believes that none exists.

26.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt and believes that none exists.

27.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that if the application Julio-Victor: Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit and believes that none exists.

28.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that if the application Julio-Victor: Llanos is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while WASHINGTON MUTUAL is demanding payment and believes that none exists.

29.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that the WASHINGTON MUTUAL isn't required to provide Julio-Victor: Llanos with the amount Julio-Victor: Llanos has paid in, to date and believes that none exists.

30.    Affiant has not seen or been presented with any material fact or evidence that WASHINGTON MUTUAL or WASHINGTON MUTUAL'S attorneys do not know or cannot discover that WASHINGTON MUTUAL cannot admit that Julio-Victor: Llanos has paid something to WASHINGTON MUTUAL, to date and believes that none exists.

31.    Affiant has not seen or been presented with any material fact or evidence that Julio-Victor: Llanos willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect and believes that none exists.

32.    Affiant has not seen or been presented with any material fact or evidence that the WASHINGTON MUTUAL is prepared to identify the true creditor and believes that none exists.

33.    Affiant has not seen or been presented with any material fact or evidence that the 'claims' made by WASHINGTON MUTUAL is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading and believes that none exists.

34.    Affiant has not seen or been presented with any material fact or evidence that the 'claims' made by the WASHINGTON MUTUAL is predicated upon the verified claims of the true creditor/'claimant', and not the presumptions of the collection agent, unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading, under his/her/its full commercial liability and believes that none exists.

Page 3 of 6 Pages

35.   Affiant has not seen or been presented with any material fact or evidence that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor and believes that none exists.

36.   Affiant has not seen or been presented with any material fact or evidence that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor, namely the 'substantive claim' and believes that none exists.

37.   Affiant has not seen or been presented with any material fact or evidence that the purported protest assessed against the party allegedly in dishonor, was preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of notice of protest can be produced and believes that none exists

38.   Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **occur in secret** and believes that none exists.

39.   Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is cured** and believes that none exists

40.   Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to proceed, in the absence of evidence of disclosure the notice of dishonor/protest was waived.

41.   Affiant has not seen or been presented with any material fact or evidence that there was a meeting of the minds between the undersigned and the alleged 'claimant' as to the notice of dishonor/protest and believes that none exists.

42.   Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit, true, correct, complete, and not misleading, stating a claim and believes that none exists.

43.   Affiant has not seen or been presented with any material fact or evidence that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned and believes that none exists.

44.   Affiant has not seen or been presented with any material fact or evidence that if the purported 'protest' did **occur in secret, the party allegedly in dishonor,** was not denied due process and the opportunity to handle his commercial affairs properly and believes that none exists.

45.   Affiant has not seen or been presented with any material fact or evidence that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46.   Affiant has not seen or been presented with any material fact or evidence that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge and believes that none exists.

47.   Affiant has not seen or been presented with any material fact or evidence that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the

Affidavit
Julio-Victor: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge and believes that none exists.

48.    Affiant has not seen or been presented with any material fact or evidence that the attorneys for either or both the true creditor and/or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor and believes that none exists.

49.    Affiant has not seen or been presented with any material fact or evidence that the attorneys for either or both the true creditor and/or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT' and believes that none exists.

50.    Affiant has not seen or been presented with any material fact or evidence that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims'/charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance and believes that none exists.

51.    Affiant has not seen or been presented with any material fact or evidence that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments and believes that none exists.

52.    Affiant has not seen or been presented with any material fact or evidence that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and/or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account and believes that none exists.

53.    Affiant has not seen or been presented with any material fact or evidence that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent and believes that none exists.

54.    Affiant has not seen or been presented with any material fact or evidence that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon and believes that none exists.

Further, Affiant saith not.

Affidavit
Julio-Victor: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

DATED: the 4 day of the Ninth month, in the year of our Lord, Two thousand and seven [September 4, AD 2007] near San Francisco, California.

Julio-Victor: Llanos in correct capacity as beneficiary of the Original Jurisdiction

Seal

JURAT:

SUBSCRIBED AND SWOKN TO before me by Julio-Victor: Llanos, moral sentient being, proven to me to be the flesh and blood woman signing this document this _____ day of September, 2007

SAN MATEO
San Francisco County

Notary public for California _____

State of California, County Of San Mateo
Subscribed & sworn before me
On ___ day of _____ , 20__
By _____ VISTOR    LLANUY
Proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Certificate of Service of
Conditional Acceptance, Letter Rogatory and Affidavit
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2035 1797

## CERTIFICATE OF SERVICE

On this __8th__ day of September, 2007, I served the following by Certified Mail Number 7006 3450 0001 2035 1797, Return Receipt Requested.

Conditional     Acceptance,     Letter     Rogatory     and     Affidavit     in     support     of     Letter Rogatory, subscribed by Julio-Victor: Llanos to the following party.

WASHINGTON MUTUAL
P.O. BOX 78148
PHOENIX, AZ 85062-8148

'I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, certain, complete and not misleading.. Executed on this __9th__ day of September, 2007

Shashi Seth, Notary Acceptor

State of California, County Of San Mateo
Subscribed & sworn before me
On __9th__ day of __Sept__, 20 __07__
By __Julio     Victor     Llanos__
Proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Certificate of Non Response of the
Conditional Acceptance, Letter Rogatory and Affidavit
Julio-Victor: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2036 7323

Julio-Victor: Llanos
175 Seville Street
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended

WASHINGTON MUTUAL
P.O. BOX 78148
Pheonix, AZ 85062

September 24, 2007

## NOTICE

# CERTIFICATE OF NON-RESPONSE

California State                    }
SAH MATE s                         } Scilicet
San Francisco County               }

### COMMERCIAL OATH AND VERIFICATION

RE:    NON-RESPONSE to Private Conditional Acceptance for Honor for Value and Proof of
Claim in the nature of Request for discovery to exhaust s Private Administrative Remedy in the
matter of Julio-Vicotor: Llanosv. WASHINGTON MUTUAL.

"Indeed, no more that (affidavits) is necessary to make a prima facia case." United States v. Kis, 658 F2d
526, 536 (7th Cir. 1981); Cert Denied, 50 US LW 2169; S. Ct. March 22, 1982.

        That I, Shashi Seth, a Notary, of the STATE OF California, in good standing, being first duly
sworn, depose and say and declare by my signature that the following facts are true, correct and
complete and not misleading, with first hand knowledge of the facts stated below.

        I, Shashi Seth, the undersigned, a Third Party, not a party to the matter, certify that a Private
Conditional Acceptance for Honor and Value in the Nature of a Request for Discovery was sent by
the undersigned to WASHINGTON MUTUAL, via Certified Mail # 7006 3450 0001 2035 1737,
Return Receipt Requested with Certified Mail Number contained thereon, which was mailed by the
undersigned on the 10th day of September, 2007

1.  That the evidence shows that WASHINGTON MUTUAL, named in this administrative remedy was
    duly served by Certified Mail on and before 12th, 2007 AD.

2.  That WASHINGTON MUTUAL had 3 days to answer and the 3 days to answer concluded on
    September 19th, 2007 AD including the 3 additional; days for mailing.

3.  That this CERTIFICATE OF NON RESPONSE is served on September 26th, 2007, with 3 day
    to respond beginning the day after service and an additional 3 days for mailing the response.

4.  Julio-Vicotor: Llanos is offering WASHINGTON MUTUAL an opportunity to cure the Dishonor.

6.  That no response to the initial correspondence is evidenced by U.S. MAIL or any private carrier.

Certificate of Non Response of the
Conditional Acceptance, Letter Rogatory and Affidavit
Julio-Vic$tor: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2036 7323

7. That WASHINGTON MUTUAL is in Dishonor, without recourse, and is found in agreement and harmony with Julio-Victor: Llanos's Private Administrative Remedy.

8. Shashi Seth further sayeth naught.

SUBSCRIBED AND SWORN _____

Shashi Seth, Notary Acceptor

The above named affiant, personally known to me, appeared before me a Notary, Sworn and under

Oath this ____26____ day of ____SP.py____, 2007..

Notary                                            Seal

Certificate of Service of Certificate of Non Response to
Conditional Acceptance, Letter Rogatory and Affidavit
Julio-Victor: Llanos
Escrow Number 44371586
Certified Mail Number 7006 3450 0001 2036 7323

## CERTIFICATE OF SERVICE

On this __26__ day of September, 2007, I served the following by Certified Mail Number 7006 3450 0001
2036 7323 Return Receipt Requested.

1. CERTIFICATE OF NON RESPONSE, subscribed by Robert-John: Foote  to the following party.

WASHINGTON MUTUAL
P.O. BOX 78148
Phoenix, AZ 85062

'I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and
correct, certain, complete and not misleading.. Executed on this __26__ th day of September, 2007

Shashi Seth, Notary Acceptor

State of California, County Of San Mateo
Subscribed & sworn before me
On __26__ day of __SEPT__, 20__07__
By __JULIO    V    LLANOS__
Proved to me on the basis of satisfactory evidence.
to be the person(s) who appeared before me.

Signature _____

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Page 1  of 1 Page

Certificate of Dishonor of the
Conditional Acceptance, Letter Rogatory and Affidavit
of Julio-Victor: Llanos
Escrow Number 44371586
Certified Mail Number 7007 1490 0005 1250 3585

Julio-Victor: Llanos
175 Seville Street
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended

WASHINGTON MUTUAL
P.O. BOX 78148
Phoenix, AZ 85062

October 15, 2007

## NOTICE

# CERTIFICATE OF DISHONOR

This Notarized Document is the official **CERTIFICATE OF DISHONOR** of the CONDITIONAL ACCEPTANCE, LETTER ROGATORY and AFFIDAVIT IN SUPPORT OF LETTER ROGATORY

### NOTARIAL PROTEST CERTIFICATE

1.       Julio-Victor: Llanos has recruited the Notary Public, Shashi Seth, authorized to certify dishonor of the Conditional Acceptance, Letter Rogatory and Affidavit in Support of Letter Rogatory, and to present this **ADMINISTRATIVE JUDGMENT BY ESTOPPEL** against WASHINGTON MUTUAL in accordance with UCC 3-505.

### COMMERCIAL OATH AND VERIFICATION

SAN MATEO
~~San Francisco~~ County      )

California state             )

Notary Acceptor, Shashi Seth, under her Commercial Oath with unlimited liability, proceeding in good faith, being of sound mind states that the facts contained herein are true, correct, complete and not misleading of my private first hand knowledge and belief under penalty of International Commercial Law.

1.  That the evidence shows that the parties listed above were duly served with a CERTIFICATE OF NON RESPONSE. by Certified Mail, Return Receipt Requested on September 27, 2007 AD.

2.  That the three (3) days to answer concluded on October 1, 2007 AD.

Certificate of Dishonor of the
Conditional Acceptance, Letter Rogatory and Affidavit
of Julio-Victor: Llanos
Escrow Number 44371586
Certified Mail Number 7007 1490 0005 1250 3585

3.   That the three (3) days for the return mailing concluded on October 3, 2006. AD

4.   That the three (3) days for the OPPURTUNITY TO CURE THE DISHONOR concluded October 3, 2007 AD.

5.   That the above named parties are now in **DISHONOR**

Notary Acceptor further sayeth naught.

SUBSCRIBED AND SWORN _____
Shashi Seth, Notary Acceptor

The above Affidavit is certified true, correct, complete, certain, and not misleading, under the penalty of Perjury.

By: _Shushi Sheth_ a Notary Public under court seal in her capacity as a Notary in good

standing with the STATE OF CALIFORNIA

(Seal)

On this, the __18__ day of October, 2007, before me a Notary Public, the above, personally appeared, Shashi Seth, known to me, or satisfactorily proven to be the being whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

In Witness Whereof, I have hereunto set my hand and Notarial Seal.

Smita Sheth

Notary Public                       Seal



SMITA SHETH
Commission # 1625185
Notary Public - California
San Mateo County
My Comm. Expires Nov 29, 2009

Certificate of Service of
Certificate of Dishonor of the
Conditional Acceptance, Letter Rogatory and Affidavit
of Julio-Victor: Llanso
Escrow Number 44371586
Certified Mail Number 7007 1490 0005 1250 3585

## CERTIFICATE OF SERVICE

On this __18__ day of October, 2007, I served the following by Certified Mail Number 7007 1490 0005 1250 3585, Return Receipt Requested.

1. CERTIFICATE OF DISHONOR, subscribed by Julio-Victor: Llanos to the following party.

WASHINGTON MUTUAL
P.O. BOX 78148
Phoenix, AZ 85062

'I certify under penalty of perjury under the laws of the United States of America th correct, complete, certain, and not misleading..

Executed on this __18__ th day of October, 2007

_____
Shashi Seth, Notary Acceptor

State of California, County Of San Mateo
Subscribed & sworn before me
On __18__ day of __Oct__, __2007__
By __JULIO   VICTOR - LLANOS__
Proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____

```
        SHASHI SHETH
    Commission # 1618359
   Notary Public - California
      San Mateo County
  My Comm. Expires Nov 30, 2009
```

Invoice

Julio-Victor: Llanos
175 Seville Street
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended

WASHINGTON MUTUAL
P.O. BOX 78148
Phoenix, AZ 85062

October 15, 2007

## NOTICE

# I N V O I C E

## NOTICE FOR DEMAND AND SETTLEMENT, FOR CLOSING OF THE

### ESCROW NUMBER 44371586

**WASHINGTON MUTUAL, having failed to respond to the Private Remedy to correct the injury to Julio-Victor: Llanos, have agreed to the following True Bill in the amount stated on the invoice.**

### ACCOUNTING AND TRUE BILL

CLEOPATRA HASLIP et al.
v.
PACIFIC MUTUAL LIFE INSURANCE, INC.
499 U.S.1, 113 Fed 2d 1, 111 S.Ct. 1032 (no. 89-1279)

For Conversion                 4 times for Compensatory Damages
                               200 times for Punitive Damages

### ACCOUNTING AND TRUE BILL

Libellant is entitled to return of all funds paid by JULIO V. LLANOS for the year (s) 2006 and 2007 where Libellant paid monthly payments, plus all late fees and interest fraudulently charged, and $75.00 per hour for all time spent on all letters to WASHINGTON MUTUAL personnel and "Acceptance for Value" paperwork through October 15, 2007.

|  | | |
|---|---|---|
| **CONVERSION FOR UNAUTHORIZED ACTS AGAINST SECURED PROPERTY** <br><br> **COMPUTED AS FOLLOWS** | | |
|  | | |
| $ 61,512.00 | | Sum Certain of Actual Cost Funds |
| X  4. | | Rights   Violations   Compensation Multiplier |
| $ 246,048.00 | | Compensatory Damages |
|  | | |

Page 1 of 2 Pages

Invoice

| $ 246,048.00 | Sum Certain of Actual Cost Funds |
|---|---|
| X 200.00 | Punitive Damages Multipliers |
| $ 49,209,600.00 | Punitive Damages |
|  |  |
| $ 246,048.00 | Compensatory Damages |
| $ 49,209,600.00 | Punitive Damages |
| $ 49,455,648.00 | Total Damages for Conversion |
|  |  |

### SUM CERTAIN FOR CONVERSION

$49,455,648.00 as of October 15, 2007

FOURTY NINE MILLION FOUR HUNDRED FIFTY FIVE THOUSAND SIX HUNDRED FOURTY EIGHT AND NO/100 DOLLARS

"Libellant reserves the right to amend and correct and adjust the accounting and True Bill"

"Libellant reserves the right to amend and correct and adjust the accounting and True Bill"

The progressive Sum Certain in US Dollars is in numerical parity with the Euro Dollar and any other superior currency backed by gold. Sum Certain may also be paid in any numerical value in gold and equal value in real property and natural resources, and any agreeable combination of the above.

Julio-Victor: Llanos, Creditor, Secured Party

State of California, County Of San Mateo
Subscribed & sworn before me
On __18__ day of _____, 20__
By __JULIO   VICTOR   LLANOS__
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009